UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RICHARD T. SANSONE,

        Plaintiff,

v.

CHRISTOPHER SALINDRON,

        Defendant.

No. C03-3426P

ORDER DENYING PLAINTIFF'S MOTION TO VACATE JUDGMENT

    This matter comes before the Court on Plaintiff's motion to vacate judgment. (Dkt. No. 113). Having received and reviewed Plaintiff's motion and all other documents submitted, the Court finds that Plaintiff's allegations of misrepresentation on the part of Defendant are without merit. Accordingly, the Court DENIES Plaintiff's motion to vacate judgment.

**Background**

    On November 3, 2000, Plaintiff was sentenced in King County Superior Court on his convictions for Third Degree Rape, Third Degree Assault, and Attempted Unlawful Imprisonment. In addition to a term of confinement, Judge Terry Lukens imposed a term of Community Placement to begin upon Plaintiff's release from custody. (Dkt. No. 64-2). Due to clerical error, Plaintiff was sentenced to a two, rather than three, year term of Community Placement. The erroneous two year term was calculated to expire in January 2004. (Pl.'s Reply, Ex. 2 at 4).

    Recognizing that the King County court was required to impose a three year term of Community Placement, on February 6, 2004, Judge Lukens issued an order correcting the sentencing

ORDER - 1

error and adjusted Plaintiff's sentence accordingly. (Dkt. No. 64-2, Attach. B). Judge Lukens determined that Plaintiff's term of Community Placement should terminate in October 2004, or January 2005, depending on Plaintiff's status for the previous two years. <u>Id.</u> On March 24, 2004, Defendant Christopher Salindron, Plaintiff's Community Corrections Officer ("CCO"), arrested Plaintiff for failing to submit to a polygraph per the terms of his Community Placement supervision.

In his complaint, Plaintiff raised a variety of claims, including alleged violations of his right to freedom of association, violation of his rights under the fourth, eighth, and fourteenth amendments, denial of due process, violations of § 1985, and also various state law tort claims. On November 4, 2004, this Court granted Defendant's motion for summary judgment on all of Plaintiff's claims.

## Analysis

Plaintiff asks this Court to vacate its November 4, 2004 judgment, arguing that the Defendant "proffered false statements" and "expired documents" and "misrepresented all facts" in securing that judgment. Because Plaintiff has offered no evidence establishing any misconduct on the part of Defendant, the Court DENIES Plaintiff's motion to vacate. Although Plaintiff's motion cites Fed.R.Civ.P. 60(b)(4), based on the substance of the document, the Court construes the motion as brought under Fed.R.Civ.P. 60(b)(3).

Fed.R.Civ.P. 60(b)(3) provides that "[o]n motion . . . the court may relieve a party . . . from a final judgment for . . . (3) fraud . . . , misrepresentation, or other misconduct of an adverse party." To prevail here, Plaintiff must: (1) prove by clear and convincing evidence that the judgment was obtained through fraud, misrepresentation, or other misconduct; and (2) prove that the conduct complained of prevented him from fully and fairly presenting his case. <u>Casey v. Albertson's Inc</u>, 362 F.3d 1254, 1260 (9th Cir. 2004). The clear and convincing standard lies between a preponderance of evidence and proof beyond a reasonable doubt." <u>United States v. Dare</u>, 425 F.3d 634, 648 (9th Cir. 2005).

According to Plaintiff, Defendant fraudulently represented that Plaintiff's Community Placement supervision continued beyond January 5, 2004. Plaintiff fails to recognize that Judge

ORDER - 2

Lukens' February 6, 2004 Order Correcting Judgment and Sentence Pursuant to CrR 7.8(a) rendered Plaintiff subject to supervision for the remainder of the three year term to which he submitted as part of his plea agreement. (Dkt. No. 64-2). Under that order, Plaintiff was scheduled to be supervised at least until October 2004. The documents submitted by Plaintiff for purposes of establishing that his supervision terminated in January 5, 2004 are superceded by Judge Lukens' February 6, 2004 order. This Court is without authority to modify that order.

**Conclusion**

Because Plaintiff has failed to offer any evidence that Defendant misrepresented any facts in this litigation, the Court DENIES Plaintiff's motion to vacate judgment.

Dated: December 21, 2005.

s/Marsha J. Pechman
Marsha J. Pechman
United States District Judge

ORDER - 3